CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
JAN - 7 2014
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| RICHARD A. WALLACE, JR., | ) | Civil Action No. 7:13-cv-00363 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| STAN YOUNG, | ) | By: Hon. Jackson L. Kiser |
| Respondent. | ) | Senior United States District Judge |

Richard A. Wallace, Jr., a Virginia inmate proceeding with counsel, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Respondent filed a motion to dismiss, and the time for Petitioner to respond expired, making the matter ripe for disposition. After reviewing the record, I dismiss the petition as time barred.

## I.

The Circuit Court of Russell County sentenced Petitioner on May 9, 2005, to eleven years' incarceration after a jury convicted him of rape, forcible sodomy, and simple assault. The Court of Appeals of Virginia refused an appeal, and the Supreme Court of Virginia refused an appeal on August 24, 2006, and a petition for rehearing on November 17, 2006.

On September 17, 2007, Petitioner, with counsel, filed a petition for a writ of habeas corpus with the Circuit Court of Russell County, which denied the habeas claims on May 8, 2012. Petitioner, again with counsel, appealed to the Supreme Court of Virginia, which dismissed the appeal on December 28, 2012, because the petition for appeal did not properly list the assignments of error in accordance with Virginia Supreme Court Rule 5:17(c)(1)(i).

Petitioner, with counsel, filed a self-styled habeas petition, pursuant to 28 U.S.C. § 2254, with this court in Wallace v. State of Virginia, No. 7:13-cv-00208, on April 29, 2013. The court conditionally filed the action, ordered counsel to file a petition that conforms to the Rules Governing Section 2254 Cases, and dismissed the action without prejudice on May 30, 2013,

after counsel failed to comply with the order. Petitioner, again with counsel, filed the instant federal habeas petition on August 5, 2013.

## II.

Respondent argues in the motion to dismiss that the petition was not timely filed. Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1).[1] The applicable period for the instant petition began to run from the date on which the judgment of conviction became final.[2] 28 U.S.C. § 2244(d)(1)(A); see United States v. Clay, 537 U.S. 522, 524 (2003) (holding a conviction becomes final once the availability of direct review is exhausted). The one-year filing period is tolled while a convict's "properly filed application for State post-conviction or other collateral review" is "pending." 28 U.S.C. § 2244(d)(2); see Wall v. Kholi, ___ U.S. ___, 131 S. Ct. 1278, 1288-89 (2011) (discussing proceedings that qualify as collateral review).

Petitioner's § 2254 petition is untimely under § 2244(d)(1)(A). Petitioner's convictions from the Circuit Court of Russell County became final on February 15, 2007, when the time expired for Petitioner to file a petition for a writ of certiorari with the Supreme Court of the United States. See U.S. Sup. Ct. R. 13(1) (stating appellant must file a petition for a writ of

---

[1] The one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1).

[2] Petitioner did not argue timeliness under subsections (B) through (D).

2

certiorari within ninety days of the judgment being appealed). Petitioner filed his state habeas petition more than 200 days after his conviction became final, and Petitioner waited more than 400 days to file the instant federal petition. Even with the benefit of statutory tolling, Petitioner filed the instant habeas petition more than one year after the judgment of conviction became final.[3]

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010).

Petitioner had the active involvement of counsel before and after his conviction, and I do not find any extraordinary circumstances in this record that prevented Petitioner from filing a timely petition.[4] See id. at 2566-68 (Alito, J., concurring) (describing how the Court's precedent makes it "abundantly clear" that attorney negligence, other than abandonment, is not an extraordinary circumstance to warrant equitable tolling); Harris, 209 F.3d at 331 ("[A] mistake

---

[3] The statute of limitations was tolled for 1,696 days between September 17, 2007, and May 8, 2012, when the properly-filed state habeas petition was pending with the Circuit Court of Russell County. See Escalante v. Watson, No. 7:10-cv-00370, 2010 U.S. Dist. LEXIS 90159, at *1, 2010 WL 3489041, at *1 (W.D. Va. Aug. 31, 2010) (Wilson, J.) (tolling only the time a properly filed habeas petition was pending with the trial court when the petitioner subsequently failed to perfect the assignments of error in a petition for appeal with the Supreme Court of Virginia), aff'd, 488 F. App'x 694 (4th Cir. 2012). Another 453 days passed between May 8, 2012, when the Circuit Court of Russell County dismissed the petition, and August 5, 2013, when Petitioner filed the instant petition. Petitioner's earlier federal petition does not qualify as "application[s] for State post-conviction or other collateral review" to benefit from statutory tolling via 28 U.S.C. § 2244(d)(2). Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

[4] Petitioner does not describe new, reliable evidence that establishes his actual innocence to escape the statute of limitations. See, e.g., McQuiggin v. Perkins, ___ U.S. ___, 133 S. Ct. 1924 (2013); Schlup v. Delo, 513 U.S. 298 (1995).

3

by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding."). Accordingly, Petitioner filed his federal habeas petition challenging the judgment imposed by the Circuit Court of Russell County more than one year after the judgment became final, Petitioner is not entitled to equitable tolling, and the petition must be dismissed.[5]

### III.

For the foregoing reasons, I grant Respondent's motion to dismiss and dismiss the petition for a writ of habeas corpus. Based upon my finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

ENTER: This 14th day of January, 2014.

Jackson L. Kiser
Senior United States District Judge

---

[5] Because Petitioner failed to satisfy the statute of limitations, I do not consider the exhaustion of state remedies. Cf. Martinez v. Ryan, 132 S. Ct. 1309 (2012).